DUFRESNE, Judge.
In this tort action, the plaintiff, Charles Brown, appeals the trial court’s decision granting defendant’s, Louisiana Department of Transportation and Development (DOTD) Motion for Summary Judgment.
This lawsuit arises from an automobile-motorcycle collision which occurred January 1, 1984, at the intersection of Veterans Boulevard and Cleary Avenue in Jefferson Parish.
Brown alleges that he was struck while riding his motorcycle by the defendant, Stephen Allange, partly because of an alleged malfunction of the traffic control signal at the aforesaid intersection.
DOTD filed a Motion for Summary Judgment which included affidavits executed by Albert Tircuit, an engineering specialist for DOTD, and Lacey Glascock, a traffic and planning engineer for DOTD wherein they respectively attested that the Louisiana highway system does not include Veterans Boulevard at the intersection with Cleary Avenue in Jefferson Parish, and that DOTD has provided Jefferson Parish the manual on Uniform Traffic Control Devices, as amended, as required by law.
The trial court granted DOTD’s summary judgment and Brown has appealed contending that LSA-R.S. 32:235(B) as amended, was drafted to impose upon the State a positive duty of inspection of all traffic control devices, including those on any parish highway system; that the affidavits offered as evidence of that law was incomplete and inadequate; and granting a summary judgment would relieve the State without providing a corresponding duty on part of any parish.
It is an undisputed fact that the site of the collision did not fall within the orbit of the State highway system as set forth in LSA-R.S. 48:191. However, Brown contends, that pursuant to LSA-R.S. 32:235, the State has certain responsibilities which require it to assume duties of inspection and maintenance of parish and municipal roadways.
In the provisions of LSA-R.S. 32:41 and 42, the State legislature empowered local, parish and municipal governments the authority to control their highways not directly under the control of DOTD. In order to insure that these local governing bodies constructed and maintained its roadways in accordance with a set of standards, the legislature enacted LSA-R.S. 32:235(A). This section sets forth that DOTD shall adopt a manual and specifications for a uniform system of traffic control devices for all highways within the State. LSA-R.S. 32:235(B), local, municipal and parish authorities must place and maintain traffic control devices upon highways under their jurisdiction as they deem necessary to carry out the provisions of Title 32 of the State’s Revised Statutes. Additionally, pursuant to 32:235(B) as amended in 1977, DOTD was granted the extra administrative duty of withholding State funds to such local, municipal or parish authorities should any traffic control device erected fail to conform to the manual or specifications. This additional part does not give DOTD the authority to maintain or update the standards of any highway under local parish or municipal governmental control. Furthermore, it does not indicate that the highway under the control of the local, parish or municipal governments shall be added to the State’s list of highways maintained by DOTD.
We hold that LSA-R.S. 32:235(B) legislatively authorized DOTD to withhold highway funds allocated to State political subdivisions until all DOTD roadway standards, as established by Federal and State laws, have been complied with on highways under the jurisdiction of the local parish and municipal governments. This is an administrative function, which does not legally place DOTD in the position of becoming responsible for every accident which occurs on the highways. It is merely a legal conduct by which DOTD may enforce roadway standards and protect the public welfare.
*25 Neither will DOTD be held responsible for accidents arising on the highways because it must furnish manuals on highway regulations and because it administers funds. The maintenance of local, parish and municipal roadways falls clearly within the domain of their respective governing bodies not the DOTD.
We find the affidavits submitted were adequate and sufficient, and the trial court properly granted the motions for summary judgment.
For the above reasons the decision of the trial court is affirmed.
AFFIRMED.